UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HERMAN ROBERT GUINN,

    Petitioner,    Case No. 1:13-cv-769

v.    Honorable Robert Holmes Bell

WILLIE O. SMITH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

  This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. <u>Factual Allegations</u>

Petitioner Herman Robert Guinn is a state prisoner incarcerated at the Carson City Correctional Facility. He pleaded guilty in Lenawee County Circuit Court to unarmed robbery, Mich. Comp. Laws § 750.530. On February 4, 2005, that court sentenced him as a habitual offender, Mich. Comp. Laws § 769.10, to a prison term of 8 years and 11 months to 22 years and 6 months. He appealed his sentence to the Michigan Court of Appeals and the Michigan Supreme Court, claiming (1) that the circuit court mis-scored certain offense variables when calculating the appropriate range of sentence under the sentencing guidelines, and (2) that his counsel was ineffective for failing to object to those errors. The appellate courts denied leave to appeal on April 21, 2006, and September 26, 2006, respectively. Petitioner did not file a petition for certiorari in the United States Supreme Court.

On August 6, 2007, Petitioner filed a motion for relief from judgment pursuant to subchapter 6.500 of the Michigan Court Rules, raising the same issues presented on his direct appeal, and a claim of ineffective assistance of appellate counsel. That motion was denied by the circuit court on September 25, 2007. He appealed that decision to the Michigan Court of Appeals, which denied leave to appeal on September 15, 2008. Petitioner attempted to seek further review from the Michigan Supreme Court, but his application was rejected as untimely on November 19, 2008.

II. <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions. Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his appeal on September 26, 2006.[1] Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.

---

[1] Petitioner asserts that his appeal was denied on November 19, 2008, but the Michigan Supreme Court's order is attached to the petition. (*See* docket#3-1, Page ID#36.) That order is dated September 26, 2006. (*Id.*)

*See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, December 26, 2006.[2] Absent tolling, Petitioner had one year from that date, or until December 26, 2007, to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Thus, assuming that it was properly filed, Petitioner's motion for relief from judgment tolled the statute of limitations. He filed his motion on August 6, 2007, when there were 142 days remaining in the limitations period. The motion was denied by the circuit court, and when Petitioner appealed that decision to the Michigan Court of Appeals, his application for leave to appeal was denied on September 15, 2008. Petitioner had 56 days from that date, or until November 10, 2008, to file an appeal with the Michigan Supreme Court. He did not meet that deadline, and the Michigan Supreme Court rejected his application as untimely. Thus, his collateral action remained "pending" until no later than November 10, 2008. *See Carey v. Saffold*, 536 U.S. 214, 219-220 (2002) (holding that an application is pending "as long as the ordinary state collateral review process is 'in continuance'-*i.e.*, 'until the completion of' that process"). Assuming that the statute of limitations started running again the following day, he had until April 1, 2009, to file his

---

[2]The 90-day period would have expired on Monday, December 25, 2006. However, Rule 6(a) of the Federal Rules of Civil Procedure provides that when the last day of the computation period falls on a legal holiday, the period ends on the end of the next day that is not excluded. December 25, 2006, was a legal holiday. Petitioner's conviction, therefore, did not become final until Tuesday, December 26, 2006.

petition for relief under § 2254. Petitioner filed in July 2013. Obviously, he filed long after the statute of limitations expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege facts or circumstances that would warrant the application of equitable tolling in this case. Petitioner asserts that he is a "legal illiterate," and that after his appeals were rejected by the Michigan appellate courts, he became "frustrated" and believed that "no further pursuit was possible." (Pet., docket #1, Page ID#13.) The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174

F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner also contends that he is limited to six hours per week in the law library. However, that limitation does not begin to explain the four-year delay in filing his application. Petitioner also makes a vague reference to "serious medical problems," but he does not describe those issues in any detail or explain how they might have prevented him from filing a timely application. (Pet., docket #1, Page ID #13.) Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936. The petition alleges sentencing error only. Petitioner pleaded guilty to his offense and does not claim that he is actually innocent.

His habeas petition therefore is time-barred. The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and

recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 5, 2013                                        /s/ Joseph G. Scoville
                                                                        U.S. Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).