UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN ROBERT GUINN,

    Petitioner,

File No. 1:13-CV-769

v.

HON. ROBERT HOLMES BELL

WILLIE SMITH,

    Respondent.

                            /

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's sentence for unarmed robbery. The matter was referred to Magistrate Judge Scoville, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objections have been made. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Having considered the arguments presented, the Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner objects generally to the conclusions of the Magistrate Judge without raising any specific challenge to the Magistrate Judge's application of the law to his case. Petitioner does challenge the Magistrate Judge's calculation of the time his limitations period was tolled, stating, "The [Michigan Supreme Court] accepted the appeal on November 7th, 2008 [sic] which calculates to only fifty-three (53) days and not the fifty-six (56) days as stamped by Michigan Supreme Court Clerk, Corbin Davis who delayed in stamping the receipt of [sic]" (Pet'r Obj., Dkt. No. 7 at 2). Assuming Petitioner is correct, this would afford him an extra three days, which would, at most, extend his limitations period to April 4, 2009 (*see* R & R, Dkt. No. 6 at 5). Petitioner's July 2013 filing of his § 2254 petition clearly falls outside this period. Petitioner's objection to the contrary lacks merit, and is therefore denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* Rules Governing § 2254 Cases, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001).

Where, as here, the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Slack*, 529 U.S. at 484. Upon review, the Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

    The Court will enter a Final Order and Judgment consistent with this Opinion.


Dated: <u>September 12, 2013</u>             <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE